

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 1:05-CR-136 |
| | § | |
| JETAIME JERONE HOLLAND | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Jetaime Jerone Holland, violated conditions of supervised release imposed by United States District Judge Thad Hearfield. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #574) requesting the revocation of the defendant's supervised release

The Court conducted a hearing on February 16, 2016, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the

hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On November 17, 2006, the Honorable Thad Heartfield sentenced Mr. Holland after he pled guilty to the offense of conspiracy to possess with intent to distribute 500 grams or more but less 5 kilograms of cocaine, a Class B felony. The Court sentenced the defendant to 100 months imprisonment to be followed by 4 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare and a $100 special assessment. On May 16, 2013, Jetaime Jerone Holland completed his period of imprisonment and began service of the supervision term.

**B. Allegations in Petition**

The United States alleges that the defendant violated a mandatory condition of supervised release by failing to submit drug tests on several dates alleged in the petition. Specifically, the petition alleges that on July 6, 2015; July 15; 2015; July 21, 2015; July 22, 2015; July 24, 2015; August 4, 2015; August 12, 2015; and August 19; 2015, he failed to submit drug tests as instructed.

**C. Evidence presented at Hearing**

At the hearing, the Government proffered evidence supporting the allegations in the petition. Specifically, if the case were called for a final contested revocation hearing, the Government would establish that the defendant failed to submit drug tests on the specific dates stated in the petition.

Defendant, Jetaime Jerone Holland, offered a plea of true to the allegation in the petition. Specifically, he agreed with the evidence presented and pled true to the allegation that he failed to submit to drug testing as directed in violation of his supervision conditions in this case.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a standard condition of his supervised release by failing to submit to drug testing as directed.

If the Court finds that Mr. Holland violated his supervision conditions in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2). Based upon the defendant's criminal history category of V and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 7 to 13

months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class B felony, the statutory maximum imprisonment term upon revocation is three (3) years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Miller*, 634 F.3d 841, 843 (5th Cir.), *cert. denied* 132 S. Ct. 496 (2011) (discussing application of "plainly unreasonable" standard post-*Booker*); *United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the defendant committed a Grade C violation of his supervision conditions by failing to submit to drug testing as directed. The defendant knowingly and voluntarily pled true to this conduct.

At the revocation hearing, the parties could not reach an agreement on the appropriate sentence for the supervised release violation. The Government requested the imposition a sentence

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

at the top of guideline range or a lower sentence if it is combined with a new supervision term. The defendant requested a sentence of seven (7) months imprisonment with no further supervision.

The evidence presented shows that Mr. Holland has already completed almost three years of his supervision term before appearing before this court for revocation proceedings. He also has maintained steady employment and supports his young daughter. The Court is unpersuaded that a couple of extra months of incarceration as requested by the Government will be beneficial at this point. Mr. Holland accepted responsibility in admitting to his violation of his supervision. Accordingly, after considering the circumstances of the case and the evidence presented, and applicable sentencing factors set forth in 18 U.S.C. § 3553[2], the Court finds that a revocation at the low end of the Guideline range will adequately address the supervision violation in this matter.

The defendant violated his conditions of supervised release with the Grade C violation as stated *supra*. Based upon the plea of true and the evidence presented in this case, the undersigned magistrate judge recommends that the District Court accept the plea of true and revoke Defendant's supervised release. The Court also finds that a federal imprisonment term at the low end of the range suggested by the Guidelines is appropriate for Mr. Holland's violation of his supervised release. The undersigned magistrate therefore recommends that the District Court order Defendant to serve a term of **seven (7) months imprisonment** in the BOP this cause, with no further term of supervision to follow.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14)

---

[2]*See Miller*, 634 F.3d at 844(setting forth the provisions of Section 3553 which are applicable and inapplicable under 18 U.S.C. § 3583(a) for a district court to consider in imposing a modification or revocation of a supervised release term).

days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 22nd day of February, 2016.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE